Thank you, Your Honor. Good morning. Richard Antonini for the appellant Christine Bistline. This is a case about damages, or more to be precise, a case about a failure to negate an element of damages. And you know the background. My client had a loan from Washington Mutual and eventually or allegedly came into the ownership of Freddie Mac, a federal home loan mortgage corporation. And there were various disputes as to loan modifications and payments and so forth. In any case, the notice of sale was issued in 2016 and on November 22, 2016, according to the allegations of the complainant, which are not disputed by Freddie Mac, the moving party on circuit judgment, a foreclosure sale was conducted. You know, an auction was conducted. But Freddie Mac realized at some point in the next week or so that he had somehow made a mistake and allegedly rescinded the sale around November. Well, there were conversations. Chase, sorry. Yes. Sorry if I'm shouting. That's okay. Can you hear me? Yes, we can hear you just fine. I can hear you fine. So just cutting to the chase, it seems to me this comes down to this burden shifting framework that we have for summary judgment. Let me summarize your position and then see if there's something you want to add. As I understand it, you're saying, listen, my client alleged in her complaint that she suffered emotional distress damages as a result of what was called kind of an aborted foreclosure sale, right? Because, you know, the process went pretty far down the road. Obviously, if I'm remembering, there was kind of a notice posted on the house, maybe even saying that she was going to have to leave, as I remember. It was a three-day notice. It said she had to leave in three days. Okay. So your position is basically that you've alleged that she suffered emotional distress damages. The initial burden on your opponent then was to make a showing that your client had no evidence to back up that allegation. And your position, I gather, is that they never even made that showing because why? What is it that they failed to do, in your view? They did not produce any evidence that she ever failed to suffer emotional distress. I mean, it would have been relatively easy to do this. They could have taken her deposition. They could have propelled an interrogatory request for admission, so basically nailed this point down. So what's the difference, though? I mean, they moved for summary judgment, said there was no evidence, and the evidence is entirely in her possession, right? It's about her own emotional state. So why didn't she just put in a declaration saying, here's my emotional distress and what happened to me? That I can't answer, Yvonne. I don't think she had to put in a declaration that she suffered emotional distress, although her attorney in his declaration did say she did suffer emotional distress. But he's definitely not a competent witness to talk about that, right? He is a competent witness to talk about his impressions of his clients' distress. Apparently they had a phone call where she had just given her word that they had gone through the foreclosure sale, which, by the way, was complete. It was not aborted. It was complete under California law. I mean, it sounds like your client obviously never was dispossessed of the home. That's true. That's true. She was thrown out on the street, but they never got that from her. That's not required to complete a sale under California law. I'm not talking about the legal requirements, counsel. I'm just talking about in terms of the emotional distress that your client might have suffered, right? She didn't suffer the most severe form of that in the sense that, obviously, if you were out on the street, that would be quite traumatic. She never did lose possession of her home. But, nonetheless, your argument is that because things went so far down the line, I take it she was under stress. She was having to make alternative arrangements and the like, and that those are the damages that she wants to recover. Yes, and, well, among other things. And I think it's dangerous to make too light of this situation. When you're told your home has been sold back to the lender, when a three-day notice is posted. Yeah, well, the question isn't whether she owes them, if they've been entitled to those damages. I think the question is really a procedural question at this point. And let me ask you this. So you're saying that there was no discovery taken of her in the case, no interrogatories, no depositions, nothing was done? That's what I could tell from the record, Your Honor. Certainly no kind of responses to discovery were produced by Freddie Mac. You don't know if they were propounded in any way? I don't. I can't tell from the record, Your Honor. All I can tell is there was nothing produced, which you would expect to be produced, in the summary of the judgment motion. Now, was there a 26A initial disclosure made in the case? Was there any itemization of damages that included emotional damages of any sort? Your Honor, I don't know either because it's not in the record at all, and it's not necessarily on file with the district court. So I can't tell one way or the other. And they complained in, which is 40 pages. It kind of challenges short and plain. But there is, as I can tell, maybe you can correct me, there are two words on page 37 that say the word emotional distress. Is there anywhere else? Is that the claim for emotional damages? I think that's basically it, Your Honor. That's the main point in the complaint where the claim is made. That is, by the way, sufficient under California law. As a plea, Your Honor, yes. Yeah, well, pleading matters in federal court and controlled by federal law. No, I understand that, Your Honor, but the question is, was it's known as pleading under Rule 8. And so they were put on notice that there was an emotional distress claim out there. Now, since they're the ones moving for summary judgment, and there hasn't, from what we can tell, been any extensive discovery taken, they have to negate each and every element of the claim, which means they have to show that she suffered no damages. At least one element of the claim, not each and every. No, one, obviously one crucial element, an element without which the claim could not stand. So that is what they chose to do rather than say that, well, we're not liable, or we had privileges, or some other defense. They chose to focus on the damage argument, and they moved for summary judgment on the basis that she suffered no damages, period, end of story. So that means they had to negate all of her claims of damages. One of those claims was emotional distress. The other thing they can do is say she doesn't have evidence, and it seems like they did put forward evidence that she didn't have damages, at least of some sorts. And then I just don't understand why it would have been so easy if she actually had emotional distress damages for her to put in the evidence of it at that point in opposition to summary judgment because it's her knowledge. So given that she didn't do that, I don't understand how we can now say that there's a fact dispute about her emotional distress. Well, under the Nissan Fire case, as I discussed in my brief, there are two ways they could have done this. They could have said, well, after extensive discovery, according to the Nissan Fire case, they could have said, you have no damages, come forward with damages. But they didn't choose to do that. And in Nissan, it was about whether something had been shipped or sent, and there was evidence that could have been on both parties about that. Here, the evidence is entirely in your client's possession. So I don't really understand how this Nissan rule applies to this situation where it's really her, she needs to put forward this evidence somehow or other at some point. It could have been in a deposition. They didn't take a deposition, but she could just put in a declaration. Yeah. Yes, Your Honor, her declaration doesn't talk about this, but Nissan also says that the other way to proceed, which is the route that Freddie Mac chose here, was to negate a crucial element of the plaintiff's claim. That's the route they chose. That's the basis for the district court decision. This is not the second route Nissan talks about where they say, where the defendant can say after discovery, and there's no evidence of discovery done in this case, that you can't prove a crucial element of your claim. And I think this falls under that first prong of Nissan, which is they choose to move on the basis that they're negating a vital element of a plaintiff's claim. How can we tell that they're not under the second prong of Nissan? Because that's the way their moving papers read. I mean, it seems to me they were saying she doesn't have enough evidence, or she doesn't have any evidence, which seems like the second prong. Well, it's, you know, I think the district court got it confused there. You're de novo reviewing summary judgment, so here now why can't we take something like the second prong approach and say we see no evidence in the record that she has emotional distress damages? Because I think that would be unfair to all the parties. The one party moving for summary judgment chose a particular attack. But they did offer evidence that there were at least no economic damages because she had remained in possession, et cetera. So in a way they responded under the first prong. And what you're saying is they had to then go through each of the claims for relief and either show or produce evidence as to each of the claims for relief. Wouldn't it crack that they did produce evidence? That is, they produced evidence that she stayed at her home. I mean, arguably you could say that since you stayed at your home, you didn't suffer any emotional distress as a result of that. Then you would then have a burden of responding and saying, no, but nevertheless, you know, I didn't sleep for five nights or I was distressed because I had three days to leave, et cetera. So couldn't we see that as having satisfied Nissan by producing evidence? You could, but I don't think that's right because it is based on the assumption. They assume that someone who gets a three-day notice posted it on their door, not posted it on their door, and then the sales person, somehow they have never suffered emotional distress. That's essentially the assumption they're asking. They ask the district court to make. They now ask this court to make. That assumption makes no sense. Yeah, but you have a chance to dissuade them then. If they made that assumption, then you produce evidence that would counter that assumption. This is not a case where they produced nothing and they said to you, you have no evidence of any damages. No, they produced their evidence that you had no damages. They tried to negate one of the elements of your claim. So did that shift the burden at that point? And you say, well, wait a minute, I do have evidence. They produced evidence only on the point of economic damages, and that's not quite true either because one of the allegations in the case is that as a result of this notice, the three-day notice, she had to hire an attorney, pay that attorney, and file a complaint. So are you taking that argument on appeal? I understood your appeal to be totally relying on emotional distress. No, but I'm just trying to respond to Judge Robbeno's point. Again, they argued there was no economic damages. They argued that they asked the court to assume both below and here that there cannot be any emotional distress damages because there's no economic damage, because she wasn't thrown out of her house. They produced no reports from a psychologist or a psychiatrist that says, oh, obviously you can never suffer emotional distress damages in this unique situation. But they're just asking the court to make an assumption, and that assumption does not make any sense that someone confronted with a three-day notice will be distressed. That's the assumption they ask you to make, and I don't think that's proper. Okay. That said, you are almost out of time. Do you want to save the balance for a rebuttal?  Thank you. We'll give you a minute for rebuttal. Let's hear it from counsel for the other side. Good morning, Your Honor. My name is Kelly Bell. I represent Freddie Mac in this appeal. As the court is aware, the essential issue in this appeal is whether or not Freddie Mac met its burden of proof to defeat Ms. Lyon's cause of action for lawful foreclosure. The standard on a Rule 56 motion is that the moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden at trial, the moving party only needs to prove that there is an absence of evidence to support the non-moving party's claim. And in this case, Freddie Mac presented evidence that the foreclosure sale was unwound, that no trustees did upon sale. It was recorded that the parties continued to act like the loan was still in effect. They continued to negotiate a loan modification, sending letters back and forth. And in fact, it's undisputed that a letter was sent to the borrower advising her that she had actually been approved for a modification of her loan. Okay, so those are economic damages. And I think the issue that we're wrestling with is whether or not you met your burden as far as emotional damages or emotional distress. Now, how did you do that? Well, I would argue, Your Honor, that its burden was met once it established that she suffered no economic losses, that the needle moved, that it shifted the burden at that point in time. That if the plaintiff, the borrower, has any other damages, then it is now her burden to introduce that evidence in opposition to the motion to create a genuine issue, a material fact. The borrower did not do so in this case. And I think the court needs to look at the study. Let me stop you there because I guess I'm not sure that you made any kind of a showing that she lacked emotional distress damages, which is what he saw in the cases that it relies upon required. And so let me just put it in these terms and then you can respond. I'm the plaintiff. I say I suffered three different forms of damages, economic loss, something else, and emotional distress. That's my allegation because that is what she's alleged here. You come in on summary judgment and say, well, we can definitively show she suffered no economic loss, that the sale never went through, just as you said. She never was lost in the equity in her home, whatever. But you say nothing about correct emotional distress damages, which I'm looking at your motion for summary judgment, and that's what happened. You said nothing. You don't even think you used the phrase emotional distress in your moving papers. So you have not come forward, as I see it, and made a showing that there is an absence of evidence of that element of damages, and you could have done that, as your opponent suggested, by pointing to interrogatories in which you put the question to her, you know, tell us all the evidence you rely upon for emotional distress damages or whatever, taking her deposition and asking her about it and having her admit, well, actually, you know, I didn't lose any sleep and everything was fine. You didn't produce anything of that sort to make a showing that there were no emotional distress damages. So why is it that your opponent is wrong in saying that, hey, I never had to come forward with anything because you never met your initial burden? It's Freddie Mac's position that in order to prevail on the motion for summary judgment, it has to address one of the elements of the claim. One of the elements of the claim is damages. There is no independent element for emotional distress. There is no independent element for economic losses. It is simply one element, and that is did she suffer damages. We did not, you're correct, we did not address the emotional distress claims in the motion, but we did address the damage claims in the motion. And I believe that once we presented facts to show there was an absence of economic loss, that was sufficient to shift the burden. Why did I stop you there? Because I would agree with you if she had just alleged that I suffered economic loss as a result of the defendant's actions. Yes, then you come in and you say we've made an affirmative showing that she couldn't possibly have suffered any economic loss because the house was never taken away from her. My point is that her claim for damages included multiple components. You attacked just one of them, left one of them totally unaddressed. So that's why I'm having a hard time seeing how the burden shifted to her. But you didn't negate the element in its entirety. You just attacked a portion of it. Well, we did address the fact that there was no conduct taken to physically remove her from the property. We did introduce conduct that the parties continued to negotiate a modification of the loan. That evidence does show that she didn't suffer any emotional distress damages because she continued to treat the loan as ongoing and continued to have a dialogue with the servicer of the loan in an effort to save her house. I believe that those facts do establish a lack of emotional distress damages. Additionally, and as set forth in the briefing for this appeal, is that emotional distress damages are generally not recoverable under HBOR. And in this case, the eighth cause of action is rife with allegations that this foreclosure sale violated the California Homeowner's Bill of Rights. You know, I don't think that's going to win you the day here because we're deciding this burden shifting issue, not the legal question as to whether she's entitled to recover this form of damages. What she says in response to your argument is that I'm not bringing a statutory claim. I'm bringing a common law wrongful foreclosure claim. Yes, I'm alleging as part of the wrongful conduct these statutory violations, but the cause of action is a common law claim. And I think the California cases are crystal clear that you can recover emotional distress damages on a common law wrongful foreclosure claim, right? I would disagree with that. Under the Radlin case, a lender generally owes no duty as a matter of law to a borrower during loan modification discussions. And under the Radlin case, negligent inflection of emotional distress is not a viable claim because there is a lack of a duty owed by the lender to the borrower. In addition, intentional inflection of emotional distress is only recoverable. What about the Miles case? That's the case I was thinking of. Well, the Miles case was on a demur. And the court in Miles simply held that the trial court's holding was too narrow because the trial court had dismissed on a demur for the claims because of lack of damages. The Miles court simply suggested that emotional distress claims may be potentially recoverable, but the Miles court also said it was not making any determination as to whether how emotional distress damages were recoverable in that case. Well, but there's a difference. I mean, this is not a negligence case. This is a wrongful foreclosure case, which has a different standard. So whether or not you owe a duty, that would be a negligence issue. The question here is on the wrongful. It seems to me that, as Judge Watford said, that there is, I don't have any doubt that that is recoverable on the wrongful foreclosure case. Whether she's entitled to it is a different question. Would you agree that a wrongful foreclosure plaintiff, if he prevails or she prevails, can recover emotional damages? Well, this is what I'm struggling with, and that is the way that this concept of action is played in the first two-minute complaint. It reiterates over and over and over that this is a violation of HBOR. Yes. And the motion for summary judgment was drafted based on the allegations in the first two-minute complaint that this foreclosure sale violated the Homeowner's Bill of Rights. Now, whether the appellant wants to claim that this is a common law cause of action or a statutory cause of action, you can't push form over substance. Look at the allegations of the first two-minute complaint, and they are rife with multiple allegations. In fact, it specifically says in paragraph 181 that in light of the violations of HBOR, Homeowner's Bill of Rights, this foreclosure sale caused her damages, including emotional distress damages. That paragraph specifically connects her emotional distress claims to HBOR. And under HBOR, you're not entitled to any kind of damages where the trustee's deed upon sale has not been recorded. The only relief available under HBOR is injunctive relief. Okay, good. Yeah. With that, I would just respectfully request that the Court affirm the discussion. Thank you. Okay. Thank you very much. Let's put a minute on the clock for a moment, please. Thank you, Robert. Thank you, Robert. May I ask a question, and not to intrude in your one-minute? This is a point where do we get the idea that this is a wrongful foreclosure, a common law wrongful foreclosure, as opposed to a statutory foreclosure, which was dismissed earlier in the case? Where do I find that? Well, other than the opening brief, Your Honor, which I'm not going to tell you what's the work of art, if you look at paragraph 155 of the First Amendment complaint, which is page 1646 of the record, what it does, it incorporates paragraphs 1 through 45.  Did you say 155? 155, Your Honor. On page 1646 of the record. And those allegations include allegations that Freddie Mac did not have the power to foreclose because the promissory note may or may not have been endorsed, and even when it was endorsed, it wasn't endorsed properly, or it was endorsed by someone who later testified she wasn't working in the position that the endorsement said she was working in once he allegedly signed it. So you have at least three bases for claiming that. This all refers to the California Civil Code. Yes. The question is how do we get the idea that this was really a common law, wrongful foreclosure? A common law wrongful foreclosure, among other things, includes illegal conduct, and it's entirely possible that a common law foreclosure can exist based on violations of various statutes, including the Home Orders Bill of Rights. Okay. Now, my colleague will say, well, of course, it's an HBOR claim. HBOR precludes it because they did remedial action. You know, if it's a common law claim based on violations of a statute, I think that that can exist, even though they might have a defense to a statutory claim because the common law is not preempted by the HBOR Section 2924.12. Subdivision G makes that clear. So these claims can exist with each other, and the problem they have here is they didn't negate everything. They tried to negate the HBOR claim, but they didn't negate the common law claim. Okay. And on that point, I think since I'm going over my time, I'd better shut up. Okay. Thank you very much for your argument. The case just argued is submitted.
judges: WATFORD, FRIEDLAND, Robreno